AMERICAN IMPORT CO. v. UNITED STATES

No. 5470.—Invoices dated Nagasaki, Japan, April 24 and May 29, 1939.
Certified April 27 and May 29, 1939.
Entered at San Francisco, Calif., May 26 and June 29, 1939.
Entry Nos. 11158 and 12172.

(Decided October 17, 1941)

*Lawrence & Tuttle* (*George R. Tuttle* and *Charles F. Lawrence* of counsel) for the plaintiff.

*Charles D. Lawrence*, Acting Assistant Attorney General (*Richard H. Welsh* and *Daniel I. Auster*, special attorneys), for the defendant.

TILSON, Judge: The question involved in these two appeals is whether or not an item of inland freight, added under duress by the importer, constitutes a part of the dutiable value of the merchandise. The answer to this question depends in turn upon whether or not Moji, Japan, is one of the principal markets in Japan for such or similar merchandise. The appraiser found that Kobe, Japan, was the only principal market for such or similar merchandise in Japan, or at least that Kobe was a principal market and Moji was not. There

is no serious contention by anyone that Kobe is not one of the principal markets for such or similar merchandise in Japan, but the plaintiff contends that Moji is also a principal market for such or similar merchandise.

The president of the importing company testified that he investigated the market conditions in Japan for rakes such as or similar to those here involved in 1936 or 1937 and again in 1940, and that he found all types of the rakes covered by these appeals were being sold in Moji and that he had been importing such or similar rakes from Moji for the past 25 years. Another witness also testified for the plaintiff that he investigated the market conditions in Moji in 1939 and that he found all types of the rakes covered by these appeals were being sold in Japan at that time.

In the special agent's report, exhibit 9, it is stated:

Our statement that Moji Chikuzai was the only firm in Moji handling this merchandise was based on the fact that this is the only firm in the city of Moji proper handling this merchandise. The Tsuchiya Company are located at Dairi, formerly a separate municipality and with a separate port. However, some few years ago, the city limits of Moji were extended and Dairi was included therein. This fact was unknown to us at the time of making our report K37-259.

The above statement of the special agent appears to be based upon the assumption that in order to have a principal market at any place there must be more than one person freely offering the merchandise for sale. This is clearly erroneous.

I quote again from exhibit 9, as follows:

In Moji, including Dairi as a part thereof, we find the Tsuchiya Company selling only to the American Import Company. There is no evidence whatever that they have ever freely offered this merchandise for sale in Moji.

In exhibit 6, the same special agent reports the offer for sale of nineteen different items of these rakes and then states "Kobe is the principal market for this merchandise, the Moji Chikuzai Kaisha being the only firm handling this merchandise in Moji." It is to be noted that the rakes involved in these appeals were not purchased from Moji Chikuzai Kaisha, and also that the president of the importing company testified that he had been purchasing such or similar merchandise in Moji for the past 25 years.

After carefully considering the entire record I find upon the weight of the evidence contained therein that Kobe is a principal market for the sale of such or similar merchandise to that here involved, and also that Moji is a principal market for the sale of such or similar merchandise to that involved in these appeals. I accordingly find that the proper dutiable export values of the rakes covered by these two appeals are the appraised values, less any amounts added by the importer to meet advances made by the appraiser in similar cases then pending on appeal, covering an item of freight from Moji to Kobe, Japan. Judgment will be rendered accordingly.